**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

| | |
|---|---|
| **JACQUELINE BOONE,** *et al.*, )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**ENCORE CAPITAL GROUP, INC.,** )<br>**MIDLAND FUNDING LLC, and** )<br>**MIDLAND CREDIT MANAGEMENT, INC.** )<br>)<br>**Defendants.** )<br>) | Civil Action No. 4:11-cv-00164 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION TO TRANSFER VENUE AND CONSOLIDATE**

Defendants, Encore Capital Group, Inc. ("Encore"), Midland Funding, LLC ("Midland Funding"), and Midland Credit Management, Inc. ("Midland Credit Management") (collectively, the "Defendants"), by counsel, submit the following Memorandum in Opposition to Plaintiffs' Motion to Transfer Venue and Consolidate.

**INTRODUCTION**

Inverting the traditional principles of transfer, Plaintiffs now seek to transfer this case out of the division in which they freely chose to file this lawsuit. They seek to transfer the case to the Richmond Division of this Court, and to then consolidate it with another case that they chose to file that was pending for over five months by the time they filed their Complaint here. However, it is well settled that when a *plaintiff* – the party that originally filed the suit in the forum of its own choosing – moves for a transfer of venue, that plaintiff must make a threshold showing of a "change in circumstances" between the time they filed their Complaint and the time

of the motion to transfer. Remarkably, Plaintiffs' memorandum flatly ignores this standard and fails to offer any evidence in support of such a change of forum.

Furthermore, even if such changed circumstances were to exist, Plaintiffs' motion must be denied, as it is devoid of *any evidence at all*. Courts in this district have repeatedly held that a party seeking a transfer of venue must introduce, by *evidence*, sufficient facts to allow the Court to make an informed assessment of the factors relevant to a motion to transfer venue. Yet, in contravention of these principles, all Plaintiffs have offered is unsubstantiated argument in support of their position; arguments which raise the unmistakable inference of forum shopping.

Plaintiffs' motion for consolidation fares no better. Speaking only in false generalities, Plaintiffs argue that all of the claims in the present case and in the unrelated matter of *Adkins, et al., v. Encore Capital Group, Inc., et al.*, "share many similarities." (Pls. Mem. Supp. 13). While it is true that the plaintiffs in *Adkins* assert violations of the same statutory provisions as the Plaintiffs here, any superficial similarity ends there. Each and every Plaintiff's claim will depend on individualized facts. Plaintiffs' memorandum foregoes a detailed analysis of the factors relevant to consolidation and merely states that "all of the equities weigh in favor of consolidation." (Pls. Mem. Supp. 11). Yet, because the proposed consolidation of 1,377 claims, each requiring individual factual determinations, will lead to immense prejudice and confusion on the part of the fact finder, these cases should not be consolidated. The Court should deny both of Plaintiffs' misguided motions, particularly under the complicated circumstances here.

## PROCEDURAL HISTORY[1]

Plaintiffs filed this case in the Circuit Court for the City of Newport News on October 21, 2011. (Notice of Removal, Ex. A). Thereafter, Defendants timely removed the case to this

---

[1] Defendants disagree with a number of contentions in Plaintiffs' "Background" section. However, since many of Plaintiffs' allegations are irrelevant to this motion, Defendants decline to address those issues.

Court and filed their Answer. Defendants have also now moved to sever the individual claims of all 167 Plaintiffs under Fed. R. Civ. P. 21. That motion remains pending and is ripe for decision.

This is not a class action. It is a "mass action" brought on behalf of 167 individual Plaintiffs seeking individual damages. These Plaintiffs have no central locus in Richmond. They are scattered all across the Commonwealth. The Complaint asserts a total of 837 individual claims under the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"). Ten of the counts are brought on behalf of varying groups of between five and 167 Plaintiffs. (Compl. ¶¶ 77-118, 291-98). As to the forty-three remaining counts, they are each brought on behalf of one Plaintiff only and explicitly do not involve any of the other 166 Plaintiffs.

The complexity of *Adkins v. Encore Capital Group, Inc.*, No. 3:11cv334, (*Adkins*) is similar. Adkins was filed on May 19, 2011 in the Richmond Division of this Court on behalf of 100 individual Plaintiffs. It was brought by the same Plaintiffs' counsel as in the present case, and it was pending for over five months before the filing of this Complaint. At the time the present Complaint was filed, there is no doubt Plaintiffs' counsel certainly had knowledge of the *Adkins* Complaint. Like the present case, it is also not a class action. It is a mass action in which 100 plaintiffs assert 540 individual claims.[2]

---

[2] As to a third case, Plaintiffs discuss at length in their memorandum *James v. Encore Capital Group Inc.*, No. 3:11cv221, which was filed over six months before the present case and involves only one plaintiff predominantly asserting entirely different legal claims than the present case (*e.g.*, violations of the Racketeering Influenced and Corrupt Organizations Act, the common law tort of abuse of process, and a claim for violation of the Fair Credit Reporting Act). The notion that the *James* case has "substantial factual and legal overlap" with the present case is entirely unsubstantiated. (Pls. Mem. Supp. 5). Moreover, the fact that Judge Robert E. Payne in *James* has ruled on two discrete legal issues, finding *only* that two claims had been satisfactorily pled under the familiar pleading standards of *Twombly/Iqbal*, does not counsel in favor of transfer. (Pls. Mem. Supp. 5). After all, *James* is not even the case Plaintiffs seek to consolidate with the present case, so it cannot provide any basis to transfer the case.

**ARGUMENT**

I.   **Plaintiffs have failed to show any change in circumstance since the filing of their Complaint that would warrant a transfer of venue.**

As a threshold consideration, Plaintiffs have altogether failed to satisfy the procedural and evidentiary requirements necessary for a *plaintiff* to prevail on a motion to transfer venue. A transfer of venue on a plaintiff's motion is highly unusual and disfavored because a plaintiff, as the initiator of the complaint, has the option to choose the desired forum when filing. Such a motion "is not ordinarily granted at the request of the party who chose the forum in the first place."[3] *Grossman v. Schwarz*, 678 F. Supp. 440, 443 (S.D.N.Y. 1988). Accordingly, since the Plaintiffs voluntarily chose Newport News as the division within which to file their action, the clear majority rule, including within this circuit, is that Plaintiffs must show that a "change in circumstance" developed between the time the complaint was filed and the time of filing the change of venue motion that now necessitates the transfer of the action. *See, e.g.*, *Orrell v. Motorcarparts of Am., Inc.*, No. 3:06cv418-C, 2007 U.S. Dist. LEXIS 20672, at *10 (W.D.N.C. Mar. 22, 2007) (applying the change in circumstances test and denying plaintiff's motion to

---

[3] Plaintiffs' motion turns traditional venue jurisprudence on its head and Defendants have found no clear Fourth Circuit authority countenancing Plaintiffs' position. Rarely is a plaintiff's motion to transfer venue ever granted in this District. The Court is familiar with the well-known standards that a plaintiff's choice of forum is generally presumed correct, entitled to deference, not to be disregarded lightly, and requires the party opposing the venue selection to bear the burden of proof to change the venue. Having chosen the venue of the Circuit Court for the City of Newport News to assert a removable federal claim, Plaintiffs now ask this Court to: (1) ignore their selected forum; (2) overrule the presumption of correctness given to their original choice of forum; (3) not defer to their selected forum; and (4) make Plaintiffs – the parties that filed the complaint after making a forum selection of their own choosing - bear the burden of showing why their original choice of forum was incorrect. The Court cannot readily reconcile what the Plaintiffs are asking the Court to do without fundamentally disregarding the well-established principles governing venue. Defendants can only speculate as to the reaction of Plaintiffs' counsel and the Court if Defendants were to file a motion to transfer venue asking the Court to ignore Plaintiffs' initial chosen forum, not presume as correct Plaintiffs' initial choice of forum, not provide deference to Plaintiffs' initial forum choice, and not require Defendants to bear the burden of showing why the forum is not correct.

transfer venue); *Cox v. Ashcroft*, No. Cv-05-149 OWW/GSA, 2008 U.S. Dist. LEXIS 23404, at *4 (E.D. Cal. Mar. 25, 2008) ("For a plaintiff to prevail on such a motion, however, he must show that there has been a change of circumstances since the suit was filed that warrants transfer."); *Moto Photo, Inc. v. K.J. Broadhurst Enterps.*, No. 3-01-CV-2282-L, 2003 U.S. Dist. LEXIS 1955, at *10 (N.D. Tex. Feb. 11, 2003) ("In order to prevail [on a change of venue motion], a plaintiff must show that circumstances have changed since the filing of suit.").

Plaintiffs have not even acknowledged this standard, let alone attempted to make such a showing. And, they cannot be permitted to make such a showing now in their reply. *See, e.g.*, *DNT, LLC v. Sprint Spectrum, LP*, 750 F. Supp. 2d 616, 630 (E.D. Va. 2010) ("Defendants did put forth new evidence and argument not offered in their opening brief which it [sic] will therefore not consider.").

Nor could such a showing even plausibly be made. The *Adkins* and *James* cases, which Plaintiffs discuss at length in their opening brief, were filed on May 19, 2011 and April 7, 2011 respectively. Thus, *Adkins* was pending for over five months in another division before Plaintiffs filed their Complaint, and it remains in the same infant state as when this action was filed. Similarly, *James*, the first-filed of all three actions, and which asserts a number of unrelated claims to those pled here, remains in the same pre-trial stage as when the Complaint in was filed here, with the sole exceptions of the entry of a two-page Order finding that the plaintiff had stated a cognizable FDCPA claim and the resolution of certain discovery issues; neither of which have any bearing on any of the "circumstances" surrounding Plaintiffs' choice of forum.

A similar situation arose in *Yoonessi v. New York State Board for Professional Medical Conduct*, 03-cv-871S, 2005 U.S. Dist. LEXIS 40035 (W.D.N.Y. Mar. 21, 2005), *aff'd*, 162 F. App'x 63 (2d Cir. 2006), where a district court denied the plaintiff's request to transfer venue. In

that case, the plaintiff filed his complaint in the Western District of New York in November of 2003 and then filed a similar complaint in the Central District of California in March of 2004. *Id.* at *15-16. After several of the defendants filed dispositive motions in New York, the plaintiff filed a motion to transfer the New York case and to consolidate it with the California case. *Id.* at *17-18. The court held that "[t]his Court does not consider Plaintiff's decision to file duplicative complaints to be a 'change of circumstances' warranting transfer." *Id.* at *24.

Compounding that general rule, Plaintiffs in the present case have not filed an expedient motion to transfer venue. They waited roughly three months, until well after Defendants had filed their Answer as well as a Motion to Sever the case, which has been fully briefed by both parties. As in *Yoonessi*, the facts of each lawsuit were well known to Plaintiffs at the time the suits were filed. Plaintiffs cannot argue that any change in circumstances warrants a transfer of venue, as none exists. Consequently, the Court should straightforwardly deny Plaintiffs' motion for this reason alone.

## II.     The case should not be transferred to the Richmond Division of this Court.

Although the Court should deny Plaintiffs' motion to transfer venue due to the fact that they have failed to show changed circumstances, Plaintiffs have also failed to meet their burden to show that the factors 28 U.S.C. § 1404 factors strongly favor a transfer of venue.

Pursuant to 28 U.S.C. § 1404, when assessing a motion to transfer venue, the Court must consider a number of factors. These factors include the: (1) ease of access to sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the interest in having local controversies decided at home; (6) and the interest of justice. *Pinpoint IT Servs., LLC v. Atlas IT Exp. Corp.*, No. 2:10cv516, 2011 U.S. Dist. LEXIS 75622, at *19 (E.D. Va. July 13, 2011). While § 1404 does not provide guidance as to the weight that should be given to each specific

factor, the principal factors generally considered by the courts in this district are "a plaintiff's choice of forum, witness convenience, access to sources of proof, party convenience, and the interest of justice." *Mullins v. Equifax Information Servs., LLC*, No. 3:05cv888, 2006 U.S. Dist. LEXIS 24650, at *16 (E.D. Va. Apr. 28, 2006) (citing *Koh v. Microtek Int'l, Inc.*, 250 F.Supp.2d 627, 633 (E.D. Va. 2003)).

When assessing these factors, "there normally is a presumption that a case should stay in the plaintiff's chosen forum." *NanoEnTek, Inc. v. Bio-Rad Labs.*, No. 2:11cv427, 2011 U.S. Dist. LEXIS 138535, at *6 (E.D. Va. Dec. 2, 2011). Therefore, "where a plaintiff herself seeks transfer, the plaintiff's 'second or third choices of forum receive[] no deference.'" *Lagor v. Eli Lilly & Co.,* No 2007 U.S. Dist. LEXIS 43703, at *7-8 (D.D.C. June 18, 2007) (quoting *Health Discovery Corp. v. Ciphergen Biosystems, Inc.*, No. 06-260, 2007 U.S. Dist. LEXIS 2186, at *3 (E.D. Tex. Jan. 11, 2007)). *See also Tiffany v. Hometown Buffet, Inc.*, No. C 06-2524 SBA, 2006 U.S. Dist. LEXIS 73568, at *5 (N.D. Cal. Sept. 28, 2006) ("[T]here can be no presumption of deference for the Plaintiffs' second choice of forum in their motion for transfer, pursuant to 28 U.S.C. § 1404(a)."). This is especially true when the transfer can be seen as an attempt at forum shopping by the plaintiff.[4] *See Lagor*, 2007 U.S. Dist. LEXIS 43703 at *8 ("[T]he Supreme Court has warned against allowing parties to use motions to transfer as veiled means of forum shopping."); *Freedman v. Am. Online, Inc.*, 325 F. Supp. 2d 638, 652 n.26 (E.D. Va. 2004) (a motion to transfer should not be used as a method of forum shopping). And, it is established that

---

[4] The current motion to transfer raises the inference that Plaintiffs' seek to transfer venue because they believe the forum in Richmond would be more favorable. While Plaintiffs' argue that venue should be transferred because of the convenience of the parties and witnesses, as well as in the interests of justice, it is clear that each reason Plaintiffs raise for why transfer is proper was apparent to them at the time they filed the present Complaint in Newport News. Given that, it appears that Plaintiffs are simply not pleased in the manner in which this case is proceeding, and seek to transfer it to the forum of their choosing for reasons unrelated to those factors considered under 28 U.S.C. § 1404.

"it is the movant's burden to show that the balance is beyond dead center, and strongly favors the transfer sought." *Medicenters of America, Inc. v. T & V Realty & Equipment Corp.*, 371 F. Supp. 1180, 1184 (E.D. Va. 1974).

### A. Plaintiffs have failed to show that there is any added convenience to the parties and witnesses that favors a transfer of venue.

Plaintiffs base a significant portion of their argument on the proposition that transferring the case to the Richmond Division of this Court would be "more convenient for both parties as well as witnesses." (Pls. Mem. Supp. 7). In this district, however, Plaintiffs cannot rely on unsubstantiated argument when seeking a transfer of venue.

It is settled that, "[t]he party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience." *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 636 (E.D. Va. 2003). In making a determination regarding convenience,

> the influence of this factor cannot be assessed in the absence of *reliable information identifying the witnesses involved and specifically describing their testimony*. This type of particularized information, *typically submitted in affidavit form*, is necessary to enable the court to ascertain how much weight to give a claim of inconvenience.

*Id.* (quoting *Board of Trustees v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1258 (E.D. Va. 1988)) (emphases added); *accord Mullins v. Equifax Info. Servs., LLC*, No. 3:05cv888, 2006 U.S. Dist. LEXIS 24650, at *23 (E.D. Va. Apr. 28, 2006).

Simply put, Plaintiffs' have failed to present *any* evidence supporting their contentions. Rather than providing affidavits identifying the witnesses involved for each plaintiff and specifically describing their situations, Plaintiffs resort to vague generalities such as "[i]t is a burden on witnesses to travel, procure time off of work, and attend depositions, trial or any other

8

event that would require their attendance." (Pls. Mem. Supp. 7). Without ever resorting to an analysis of the factors, however, Plaintiffs lack of evidence to support their contentions is sufficient for the Court to deny their motion. As the Court in *Koh* noted, the Plaintiffs *must* provide the Court with "particularized information, typically submitted in affidavit form," upon which it can base its conclusions. *Koh*, 250 F. Supp. 2d at 636. That admonition has been flatly ignored here and it is fatal. In fact, Plaintiffs have, to date, failed to even identify in any pleading their own places of residence, let alone those of their witnesses. Since all Plaintiffs have presented is generalized *argument*, the Court should deny their motion to transfer venue.

Apart from this issue of deficient proof, the entire premise of this "convenience" argument is misguided. Regardless of whether the current case remains before this Court, or is transferred to the Richmond Division and consolidated with *Adkins*, the burden on Plaintiffs and their witnesses will be identical. The lack of relation among all of the Plaintiffs in this matter and those in *Adkins* dictates that there will be no overlap in their witnesses such that the litigation of these actions in two divisions will actually increase the burden on any one Plaintiff or witness. Plaintiffs argue for transfer as if they have brought both this case and *Adkins* as class actions that are capable of resolution on the whole by resorting to common proof. That is simply not true.

The only significant change resulting from transfer and consolidation would be an even larger mass action involving 267 Plaintiffs and 1,337 claims instead of two actions involving 100 and 167 Plaintiffs. Regardless of any requested transfer, however, Plaintiffs and their witnesses will still have to "procure time off of work, and attend depositions, trial, or any other event that would require their attendance" in equal measure. (*See* Pls. Mem. Support 7). Each Plaintiff chose to join in the present case and assert *individual* claims against Defendants. The Plaintiffs cannot now be heard to say that it is too burdensome to prosecute their claims in the forum that

9

they chose and in the manner that they chose to bring them. *See Mullins,* 2006 U.S. Dist. LEXIS 24650 at *19 ("In most cases, a plaintiff cannot realistically be heard to argue that a transfer to the plaintiff's home district or division will impose a great inconvenience.").

Perhaps recognizing this fact, Plaintiffs also take a more novel approach regarding their requested transfer. They contend that a transfer will benefit the Defendants because "[i]t is much more convenient for [Defendants] to defend one case rather than two separate cases." (Pls. Mem. Support 8). Defendants have moved to sever both the present case and *Adkins* because they believe there would be significant fairness and efficiency gains in individual actions. Given that action, it goes without saying that Defendants do not believe it more convenient for them to litigate a case involving 267 individual plaintiffs rather than the two separate cases that presently exist.

More fundamentally, however, it is impermissible for the movant to argue that a transfer of venue will be more convenient for the non-movant. *See Mullins,* 2006 U.S. Dist. LEXIS 24650 at *20 (quoting 15 Wright, Miller & Cooper § 3849) ("'It is not enough for defendant to argue only that plaintiff's choice of forum is inconvenient for the plaintiff.'"). Defendants have not requested a transfer of venue and wish to continue litigating this case in Newport News, where it has been pending for over three months and is the subject of motions practice. As such, Plaintiffs' claim that the Richmond Division would be a more convenient forum for Defendants is entitled to no weight in the Court's analysis.[5]

---

[5] Since Plaintiffs have presented no actual evidence that a transfer to Richmond would be more convenient for the Plaintiffs themselves or their witnesses, it seems that Plaintiffs' motion may be grounded in part on the idea that a transfer would be more convenient for Plaintiffs' counsel. However, "'convenience to counsel is not an appropriate matter for consideration in resolving the appropriateness of a motion to transfer venue.'" *Agilent Techs., Inc. v. Micromuse, Inc.*, 316 F. Supp. 2d 322, 329 n.5 (E.D. Va. 2004) (quoting *Cognitronics Imaging Systems, Inc. v. Recognition Research Inc.*, 83 F. Supp.2d 689, 698 (E.D. Va. 2000)). Consequently, any added

### B. The interests of justice also do not favor a transfer of venue.

Plaintiffs' argue in support of their interests of justice contention that *Adkins* is similar to the present case and thus trying two cases would be duplicative. While it is unclear why Plaintiffs raise this argument after voluntarily choosing to file two separate actions in the first instance, Plaintiffs' argument is flawed in that these cases are not duplicative. Plaintiffs continue to insist that the present case and *Adkins* can be adjudicated using common proof. However, as discussed above, and as set forth in detail in the pending Motion to Sever, the present case and *Adkins* actually involve 267 individual "mini-trials."

This fact readily distinguishes the authority cited by Plaintiffs. First, Plaintiffs cite to *Cronos Containers, Ltd. V. Amazon Lines, Ltd*, 121 F. Supp. 2d 461 (D. Md. 2000), for the proposition that transfer of this case would conserve judicial resources. In that case, the plaintiff initially brought a suit in Florida against the defendant. *Id.* at 464. The same plaintiff then filed another suit against the same defendant asserting the same claims in the District of Maryland. *Id.* at 463-64. The court concluded, when weighing a number of factors, that the case should be transferred to Florida. *Id.* at 465. Unlike in *Cronos*, however, the present case and *Adkins* do not involve the same plaintiffs against the same defendants. They involve two separate groups of plaintiffs. Moreover, while the suits involve similar statutory provisions under the FDCPA and TCPA, they do not involve the same claims because each claim in the two cases is particular to the individual plaintiff. As a result, *Cronos* offers no support for Plaintiffs' contention that this case should be transferred.

Additionally, *Kerotest Manufacting Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180 (1952), also cited by Plaintiffs, is plainly distinguishable from the present case. In *Kerotest*, C-

---

convenience that counsel may enjoy from a transfer and consolidation does not support a transfer of venue. Given all of the considerations above, the "convenience" factor does not militate in favor of a transfer of venue.

O-Two filed a suit in a district court in Illinois against another defendant, with Kerotest subsequently added to the lawsuit, claiming that Kerotest was infringing on C-O-Two's patents. *Id.* at 181-82. Kerotest then brought an action in Delaware seeking a declaratory judgment that those same patents were invalid and that Kerotest has not infringed on them. *Id.* Ultimately, the Supreme Court affirmed the decision that both actions, which involved exactly the same issues and the same parties, should not be conducted simultaneously. *Id.* at 183. Unlike in the present case, however, the two cases in *Kerotest* involved the same parties and patents. Here, the cases involve separate plaintiffs who must prove their claims using individualized evidence. *Kerotest* is inapposite.

Instead, this case is akin to *Gagnon v. Sprint Spectrum*, No. 02-2232-JAR, 2002 U.S. Dist. LEXIS 21543 (D. Kan. Oct. 31, 2002). In *Gagnon*, the defendant sought transfer of the case to Missouri, where the plaintiff and defendant were parties to a lawsuit that was already pending. However, the court denied the transfer because the two actions did not involve common claims, holding that "[t]he respective claims are based on actionable conduct that occurred at different times, and in the context of two different relationships between the parties. The overlap of evidence is not significant." *Id.* at *5. Here, only Defendants are named as parties in both actions. Because the present case turns on evidence different than *Adkins*, the Court should deny Plaintiffs' motion to transfer.[6]

---

[6] Plaintiffs argue that if the present case is not transferred, it will unnecessarily consume judicial resources. This argument is belied by the fact that Plaintiffs' counsel seems all the more eager to consume judicial resources when they find it suitable for their purposes. Plaintiffs' counsel is the one that chose to initially file both the present lawsuit and *Adkins*, and in their brief note that they have also filed three other cases in state circuit courts and fourteen cases in general district courts consisting of permissive counterclaims. (Pls. Mem. Supp. 3). Plaintiffs cannot have it both ways by choosing to file cases wherever they please while also seeking to transfer any case that is not, upon their unilateral reconsideration of the issue, in their preferred venue.

12

Likewise, the Court also need not concern itself with the purported specter of inconsistent judgments between *Adkins* and the present case, as any judgments rendered in either case will be based on the individual facts pertaining to each claim. If the Court in *Adkins* were to determine that Defendants' were liable to Plaintiff #4, or not liable for that matter, that determination would have no bearing on any other Plaintiff because any determination regarding liability or damages hinges on the individual circumstances that existed between each Plaintiff and Defendants. The risk of "inconsistent" judgments in this context does not favor a transfer of venue.

### C.  The remaining § 1404 factors compel retention of the action.

As to the other factors cited by Plaintiffs, they have also made no showing, by affidavit or otherwise, that support a transfer of venue. First, Plaintiffs encourage the Court to consider issues of "docket congestion," but then they present no facts and make no argument as to that factor. (Pls. Mem. Supp. 9). There is no showing that the Richmond division has any lesser challenge with docket congestion than Newport News/Norfolk. In fact, it is logical to conclude that both Courts would benefit from retaining one case, rather than burdening the Richmond Division alone with 267 individual plaintiffs.

Second, the Court's general "interest in having local controversies decided at home" also counsels in favor of the case remaining in Newport News because it was the forum initially chosen by Plaintiffs. To the extent that Plaintiffs' argue (but again, present no evidence) that the Richmond Division encompasses more Plaintiffs, that contention is unsupported by any facts. And, as Plaintiffs' counsel well knows, this action involves Plaintiffs that reside throughout Virginia, including within the Richmond and Newport News/Norfolk divisions of this Court.

Third, Plaintiffs' contentions that "knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law" support a transfer of venue are equally unsupported. (*See* Pls. Mem. Supp. 7). This case involves issues of

13

federal law, and federal courts are equally capable of addressing such issues. Moreover, there is no showing that it is any more "unfair" to burden citizens of Richmond with jury duty than citizens of Newport News because this case arises from interactions occurring all over Virginia.

Plaintiffs' remaining contention the Court in *Adkins* "has already invested significant time into *Adkins* and is intricately familiar with the facts and claims at the heart of both cases" is unsupported hyperbole. (Pls. Mem. Support 10). To date, in *Adkins*, the Court has taken a motion to sever under advisement, and a total of two conferences on case management have been held before a now-retired Magistrate Judge. In the aggregate, these two informal conferences lasted less than two hours. The parties have never appeared before the presiding judge in the case on any issue, nor has any decision or substantive order (including on case management) been rendered on any issue. There is also currently no active discovery pending and no trial date has been set. Further, even if the Court could be considered "intricately familiar" with the facts of the plaintiffs in *Adkins*, that says nothing about the 167 sets of facts present in this case of which the Richmond Division has no familiarity whatsoever.

The Plaintiffs have the burden of showing that the facts and circumstances strongly favor a transfer of forum to overcome the presumption that the case should remain in the division within which Plaintiffs initially brought it. Since Plaintiffs have failed to present any evidence supporting their unsubstantiated arguments, and failed to show that the § 1404 factors should be decided in their favor, they have failed to carry their burden. As a result, the Court should deny their motion.

**III. This case should not be consolidated with *Adkins*.**

Under Rule 42(a) of the Federal Rules of Civil Procedure, if "actions before the court involve a common question of law or fact, the court may…consolidate the actions." Fed. R. Civ. P. 42(a). To this end:

14

> [T]he Fourth Circuit [has] held that the "critical question" in determining whether consolidation should be allowed is: whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Shazier v. Southwest Va. Reg'l Jail Auth.*, No.: 1:08cv00037, 2009 U.S. Dist. LEXIS 2534, at *4 (W.D. Va. Jan. 14, 2009) (quoting *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)); *accord Maron v. Va. Polytechnic Inst. & State Univ.*, Nos. 7:08-cv-00579 & 7:09-cv-00221, 2011 U.S. Dist. LEXIS 28342, at *4-5 (W.D. Va. Mar. 18, 2011). Since Plaintiffs have failed to show they are entitled to consolidation under Rule 42 as a matter of law, and have also failed to show that the factors above cut in favor of consolidation given the evident prejudice to Defendants upon such consolidation, the Court should deny their motion.

    **A.    Since transfer of this case to Richmond is improper, the Court cannot consolidate the present case with *Adkins*.**

Rule 42 provides that the only actions that can be consolidated are "actions before the court." Fed. R. Civ. P. 42(a). For this reason, a court cannot consolidate two cases that are pending in different districts. *Williams v. City of New York*, No. 03 Civ. 5342, 2006 U.S. Dist. LEXIS 6470, at *1 n.1 (S.D.N.Y. Feb. 21, 2006) ("In this case, only one action is pending in the Southern District of New York - hence it is not possible for the Court to consolidate the Southern District action with any other action."); *YP Corp. v. Sitrick & Co.*, No. CV-05-0769, 2005 U.S. Dist. LEXIS 32513, at *20 (D. Ariz. Dec. 8, 2005) ("A court, however, may not consolidate actions pending in different districts; 'the cases to be consolidated must be pending before the court.'") (citations omitted). Under the Local Rules for the Eastern District of Virginia, for the purposes of venue, divisions of the Eastern District of Virginia are treated as separate judicial districts. E.D. Va. Loc. Civ. R. 3(C). Given the recognition in the Local Rules of the separate

nature of divisions, Defendants submit that these divisions should be treated as separate for the purpose of consolidation as well, and that the Court should deny Plaintiffs' motion to consolidate for this reason.

### B. Consolidation is improper because there is a lack of common questions of fact and law.

Consolidation is also improper under the express language of Rule 42 because there is a lack of common questions of law or fact. As discussed extensively in Defendants' memorandum in support of their Motion to Sever, whose substance is incorporated by reference herein, simply because Plaintiffs in the present case have pled claims under the same federal statutes as in *Adkins* does not mean there is commonality among the plaintiffs. Rather, the evidence for those counts in both cases is individualized. Indeed, if the two cases were to be consolidated, of the 146 total counts pled, 126 would be asserted by a single Plaintiff and would depend entirely on facts particular to the debt collection practices relevant to that specific Plaintiff. Moreover, with respect to the remaining twenty counts, since this is a mass action, adjudication of those counts will require individualized proof with respect to each claim asserted by each Plaintiff.

Simply asserting the same general theory of relief is not sufficient grounds to consolidate two separate actions consisting of unrelated plaintiffs. *See McCormack v. Campus Crest Grp., LLC,* No. 3:10-CV-366, 2011 U.S. Dist. LEXIS 14591, at *8 (W.D.N.C. Feb. 4, 2011) (quoting *Grayson v. K-Mart Corp.*, 849 F. Supp. 785, 788 (N.D. Ga. 1994) ("It is, of course, true that plaintiffs have alleged against defendant claims based upon the same general theories of law, but this is not sufficient.'"). That is all Plaintiffs have done, and consolidation should be denied.

### C. The risk of prejudice and confusion drastically outweighs any purported benefits of consolidation.

Even if cases involve common questions of law or fact, consolidation is still not appropriate where individual issues predominate, thereby leading to substantial jury confusion

and/or prejudice. *See Michael v. Wyeth, LLC*, No 2:04-0435, 2011 U.S. Dist. LEXIS 42917, at *11 (S.D. W.Va. Apr. 20, 2011) (quoting *In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 447 (D.N.J. 1998) ("However, 'even where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate.'"); *Shazier v. Southwest Va. Reg'l Jail Auth.*, No. 1:08cv00037, 2009 U.S. Dist. LEXIS 2534, at *6-9 (W.D. Va. Jan. 14, 2009) (denying consolidation where there were some commonalities, but the parties in each case were not entirely consistent and evidence presented in each case would differ). Since that is precisely the situation before the Court here, Plaintiffs' requested consolidation should be denied.

In *Michael*, for example, the court was faced with a motion to consolidate three cases each brought by one plaintiff against a total of five defendants (although not each defendant was sued in each lawsuit). 2011 U.S. Dist. LEXIS 42917, at *7. The plaintiffs argued that the cases were "strikingly similar" in that they all involved the plaintiffs using the same drugs and involved "identical claims and legal theories of recovery." *Id.* The court began its analysis by noting that, on a superficial level, "all three actions present common legal issues inasmuch as the plaintiffs assert identical claims against essentially the same defendants" and there "also appear to be common factual questions." *Id.* at *11. However, the court concluded that the presence of a significant number of individual issues unique to each plaintiff militated against consolidating the cases. In denying the requested consolidation, the Court held that consolidation in such an instance would "create a significant risk of jury confusion and prejudice to the defendants" and, therefore, it was improper. *Id.* at *12-13; *see also Gaddy v. Elmcroft Assisted Living*, No. 3:04cv36; 2005 U.S. Dist. LEXIS 44471, at *3 (W.D.N.C. Nov. 2, 2005) (declining to

consolidate several cases because even though the "three cases involve *some* common questions of law and fact, they are separate and distinct cases.").

Defendants' Motion to Sever sets forth in great detail the substantial jury confusion and prejudice that would be created if the claims of all 167 Plaintiffs were tried as one action, rather than severed. For example, if the present case were tried as one, a juror would be exposed to telephone calls, documentary evidence, and argument relating to each of the 167 Plaintiffs, which the juror would then have to recall and analyze to render a verdict. Such a process would confuse even the most attentive juror. The same issues that would lead to confusion would also result in prejudice. To use but one example, evidence regarding Defendants' allegedly harassing telephone conduct is irrelevant to the evaluation of the claims of the Plaintiffs who have made no such allegation. Yet, the jury would be exposed to all such inflammatory testimony.

That risk of confusion and prejudice would be exponentially increased under Plaintiffs' requested consolidation of all 267 claims into one civil action. *See, e.g.*, *Tumbling v. Merced Irrigation Dist.*, Nos. CV F 08-1801, CV F 09-1529, 2010 U.S. Dist. LEXIS 32561, at *13 (E.D. Cal. Apr. 1, 2010) (declining to reconsider a previous decision rejecting consolidation because "[t]o establish individual claims at trial, each plaintiff will require different witnesses and different testimony. Common facts do not predominate Plaintiffs' allegations or claims."). Plaintiffs do not specifically address these issues in their memorandum, saying only that "all of the equities weigh in favor of consolidation." (Pls. Mem. Supp. 11).

Because risk of prejudice and confusion drastically outweigh any supposed "equities" in Plaintiffs' favor, and also due to the fact that Plaintiffs have plainly ignored the fact that they must show that the factors above *overbear* such confusion and prejudice, the Court should deny Plaintiffs' motion to consolidate. *See, e.g., Arnold*, 681 F.2d at 193 ("The critical question for

the district court in the final analysis was whether the specific risks of prejudice and possible confusion were overborne" by the benefits claimed by the moving party; *Tumbling*, 2010 U.S. Dist. LEXIS 32561, at *13 (noting that even if convenience favored consolidation, "'[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial.'") (citations omitted).

### IV. The Defendants are committed to efficient case management.

The Defendants are committed to working with Plaintiffs to ensure the timely resolution of their claims, notwithstanding the fact that they should remain in Plaintiffs' chosen division. Just as they have been doing in *Adkins*, Defendants are willing to actively discuss creative case management proposals. Nevertheless, due to the failure of Plaintiffs' to make the required showings for transfer or consolidation, their motions must be denied.

### CONCLUSION

WHEREFORE, Defendants, Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc., respectfully request, for the reasons discussed above, that the Court deny Plaintiffs' Motion to Transfer Venue and to Consolidate.

        **ENCORE CAPITAL GROUP, INC.,**
        **MIDLAND FUNDING, LLC and**
        **MIDLAND CREDIT MANAGEMENT, INC.**

        By:   /s/ John C. Lynch
                  Of Counsel

John C. Lynch (VSB No. 39267)
Jason E. Manning (VSB No. 74306)
Counsel for Defendants
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of January 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

**Counsel for Plaintiffs**
Leonard A. Bennett, Esq.
Susan M. Rotkis, Esq.
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23616
E-mail: lenbennett@cox.net
E-mail: srotkis@clalegal.com

Matthew J. Erausquin, Esq.
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
E-mail: matt@clalegal.com

Dale W. Pittman, Esq.
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb St.
Petersburg, VA 23803
E-mail: dale@pittmanlawoffice.com

    /s/ John C. Lynch
John C. Lynch (VSB No. 39267)
Counsel for Defendants
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com